**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JONATHAN OVENS,** : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:18-CV-0317 |
| v. : | |
| : | (Judge Caputo) |
| **DISTRICT ATTORNEY,** : | |
| **LACKAWANNA COUNTY,** : | |
| **PENNSYLVANIA**, *et al.,* : | |
| : | |
| **Respondents** : | |

**M E M O R A N D U M**

Jonathan Ovens, an individual confined at the Huntingdon State Correctional Institution, in Huntingdon, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his December 8, 2011 Lackawanna convictions for various sexual offenses involving a minor. (ECF No. 1.) Upon the Court's initial review of the Petition, because it appeared to be time barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1), the Court directed the parties to address the timeliness of the petition and any applicable statutory and/or equitable tolling of the limitations period.[1] (ECF No. 5.) Respondent filed a Response seeking dismissal of the Petition as untimely. (ECF No. 8.) Mr. Ovens did not respond to the Court's Order. For the following reasons, the Petition will be dismissed as untimely.

---

[1] *See Day v. McDonough*, 547 U.S. 198, 202, 126 S.Ct. 1675, 1679 – 80, 164 L.Ed.2d 376 (2006) (a district court may raise the one-year statute of limitations on its own motion, provided that the petitioner is furnished notice and an opportunity to respond); *United States v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005) (en banc) (same).

**I. Background**

Mr. Ovens challenges his December 8, 2011 convictions in the Lackawanna County Court of Common Pleas for aggravated indecent assault of a child, 18 Pa. C.S. § 3125(b), indecent assault of a person less than thirteen years of age, 18 Pa. C.S. § 3126(a)(7), endangering the welfare of children, 18 Pa. C.S. § 4304(a)(1), and the corruption of minors, 18 Pa. C.S. § 6301(a)(1)(i).[2] The trial court sentenced Mr. Ovens to an aggregate term of twelve years, ten months to twenty-eight years' imprisonment followed by four years of special probation. The Superior Court of Pennsylvania denied his direct appeal on January 23, 2014. *Commonwealth v. Ovens*, No. 894 MDA 2013, 2014 WL 11015589 (Jan. 23. 2014). Mr. Ovens did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

On August 11, 2015, Mr. Ovens filed a *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. §§ 9541-46. On August 11, 2016, the PCRA court issued a Notice of Intent to Dismiss the petition indicating it was untimely and devoid of merit. The PCRA court dismissed the petition on January 5, 2017. *See Commonwealth v. Ovens*, No. 310 MDA 2017, 2018 WL 388606 (Jan. 12, 2018).

Mr. Ovens filed a notice of appeal on February 1, 2017 but it was not docketed until February 26, 2017. (*Id.* at *1, n.2.) The Pennsylvania Superior Court determined Mr. Ovens' judgment of sentence was final on February 24, 2014 and therefore he had until February 24, 2015, to file a timely PCRA petition. On January 12, 2018, the

---

[2] *See Commonwealth v. Ovens*, No. CP-35-CR-0001373-2011 (Lackawanna Cty. Ct. Com. Pl.), available to the public at https://ujsportal.pacourts.us/ (last visited Nov. 19, 2019).

Pennsylvania Superior Court held Mr. Ovens' August 11, 2015-PCRA petition was untimely without exception. (*Id*. at *2.) Mr. Ovens did not appeal the dismissal.

Mr. Ovens commenced this action on February 4, 2018. (ECF No. 1.) Respondent filed a response to the Petition on September 26, 2018. (ECF No. 8.)

## II. Discussion

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year statute of limitations for § 2254 petitions filed by a person in state custody. *See* 28 U.S.C. § 2244(d)(1). Specifically, 28 U.S.C. 2244(d) provides in relevant part:

> (d)(1) A 1-year period of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of ---
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2); *see also Wall v. Kholi*, 562 U.S. 545, 550, 131 S.Ct. 1278, 1283, 179 L.Ed.2d 252 (2011); *see also Romansky v. Supt. Greene SCI*, 933 F.3d. 293, 298-99 (3d Cir. 2019) and *Jenkins v. Supt. of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013).

Mr. Ovens had one year from the date his conviction became final to seek federal habeas corpus relief pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1).[3] Mr. Ovens' judgment of sentence became "final" on Monday, February 24, 2014, when his time for seeking review in the Pennsylvania Supreme Court expired. *See* Pa. R. A. P. 1113(a). Thus, Mr. Ovens had one year from that date, or until Tuesday, February 24, 2015, to file a federal habeas corpus petition. Mr. Ovens' habeas petition, filed on February 4, 2018, exceeded the one-year filing limitations by 1076 days. Consequently, unless Mr. Ovens' petition is subject to statutory or equitable tolling, it is time-barred.

---

[3] Although 28 U.S.C. § 2244(d)(1) provides for other triggering events of the one-year limitations, none apply here. *See* 28 U.S.C. § 2244(d)(2)–(4).

### B. Statutory Tolling

The one-year AEDPA limitations period is subject to statutory tolling only by the pendency of a "properly filed" State post-conviction or other collateral review proceeding. See 28 U.S.C. § 2244(d)(2). A "properly filed" qualifying proceeding" is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998). Where a petitioner's application "for state post conviction relief [is] rejected as untimely …. [it is] not 'properly filed' under § 2244(d)(2)" and is not entitled to statutory tolling of the one-year limitations period. See *Allen v. Seibert*, 522 U.S. 3, 7, 128 S.Ct. 2, 4-5, 169 L.Ed.2d 329 (2007); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 414, 125 S.Ct. 1807, 1812, 161 L.Ed.3d 669 (2005) (where the state court rejects petitioner's PCRA petition as untimely, the petition "was not 'properly filed' and [petitioner is] not entitled to statutory tolling under § 2244(d)(2)"). A state post-conviction motion or other collateral review is "pending" from the date it is filed until the date the court rules on the petition as well as "the time during which an appeal could be filed even if the appeal is not eventually filed." *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000).

Mr. Ovens filed his PCRA petition on August 11, 2015. On January 5, 2017, the PCRA court dismissed the petition as untimely. The Pennsylvania Superior Court affirmed the PCRA court's decision. Thus, Mr. Ovens' PCRA petition provides no basis for tolling the AEDPA's limitations period pursuant to 28 U.S.C. § 2244(d)(2). The Court must now determine whether Mr. Ovens' one-year limitations period is subject to equitable tolling.

### C. Equitable Tolling

The AEDPA's one-year limitations period may be subject to equitable tolling when the petitioner shows that he "has been pursuing his rights diligently," and yet "some extraordinary circumstance stood in his way and prevented timely filing" of his habeas petition. *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010); *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). "However, courts need to be 'sparing in their use of' the doctrine," *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011) (quoting *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)), as it does not extend to a "garden variety claim of excusable neglect." *Schlueter v. Varner*, 384 F.3d 69, 83 (3d Cir. 2004) (citing *Irwin v. Dep't Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 96, 112 L.Ed.2d 435 (1990)). Accordingly, equitable tolling is used only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006). The United States Court of Appeals for the Third Circuit has found that equitable tolling "may be appropriate if: (1) the respondent has actively misled the petitioner; (2) if the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but mistakenly in the wrong forum, *Jones,* 195 F.3d at 159; or (4) the court has mislead the petitioner regarding the steps that he needs to take to preserve a claim. *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances are found, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."

*Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)). The petitioner bears the burden of establishing that he is entitled to benefit from equitable tolling. *See Pace*, 544 U.S. at 418, 125 S.Ct. at 1814-15.

The Supreme Court has also recognized that a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of "a procedural bar … or … expiration of the statute of limitations" under the miscarriage of justice exception. *See McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013). But actual innocence claims are "rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995). "[T]he fundamental miscarriage of justice exception applies only in cases of actual innocence." *Coleman v. Greene*, 845 F.3d 73, 77 (3d Cir. 2017) (citing *McQuiggin*, 569 U.S. at 386, 133 S.Ct. at 1928). "[A]ctual innocence requires a showing of factual innocence, not mere legal insufficiency." *Swenger v. Chesney*, 294 F.3d 506, 523 (3d Cir. 2002). To prevail under this standard, the petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of new evidence." *Schlup*, 513 U.S. at 327, 115 S.Ct. at 867. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id*. at 316, 115 S.Ct. at 861.

With respect to the timeliness of his Petition, Mr. Ovens claims he is "factually innocent and … should not be punished because of trial and appellate counsels constitutionally ineffective assistance." (ECF No. 1 at 13.) This statement does not explain why Mr. Ovens could not file a timely petition for a writ of habeas corpus. As Respondent correctly notes, he does not allege that he encountered an extraordinary circumstance that prevented his timely filing of his habeas petition or that he originally filed his petition in the wrong forum. To the extent he seeks equitable tolling of the limitations period based on his statement of "actual innocence," his argument fails because it is not supported by new, reliable evidence. Absent any supporting documentation his claim of actual innocence, his allegation alone is insufficient to warrant equitable tolling. Consequently, Mr. Ovens is not entitled to equitable tolling.

### III.    Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). In the instant matter, jurists of reason would not find

the disposition of Mr. Ovens' petition debatable.  As such, the court will not issue a certificate of appealability in this case.

## IV.  Conclusion

For the reasons set forth above, the Court finds Mr. Ovens' petition is untimely and there is no basis for the statutory or equitable tolling of the one-year limitations period.  Accordingly, the Petition will be dismissed.  A certificate of appealability will not issue.

An appropriate Order follows.

**Date:  November 19, 2019**                                   /s/ A. Richard Caputo
                                                                                  **A. RICHARD CAPUTO
                                                                                  United States District Court**